IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION

DONALD H. ALLEN            )
DEVELOPMENT, INC.,         )
                           )
    Plaintiff,             )
                           )        CIVIL ACTION NO.
    v.                     )         3:12cv257-MHT
                           )            (WO)
UNIVERSITY VIEW, LLC, KATHY )
MATHEWS, and KATHY MATHEWS )
as personal representative )
of the Estate of Lindburgh )
Jackson,                   )
                           )
    Defendants.            )

OPINION AND ORDER

Plaintiff Donald H. Allen Development, Inc. ("DAD")
brought this breach-of-contract case in state court
against several defendants, including University View,
LLC, and Kathy Mathews.  Mathews, appearing pro se,
removed the case to this federal court based on
diversity-of-citizenship jurisdiction.  28 U.S.C.
§§ 1332, 1441.  DAD now moves for remand arguing, among
other things, that there is not complete diversity.  For
the following reasons, that motion will be granted.

For purposes of removal pursuant to diversity-of-
citizenship jurisdiction, a removing defendant has the

burden of showing (1) that the citizenship of each plaintiff is different from that of each defendant and (2) that no defendant is a citizen of the forum state. 28 U.S.C. §§ 1332, 1441(b)(2); see also Lincoln Prop. Co. v. Roche, 546 U.S. 81, 84, 89 (2005) ("Since Strawbridge v. Curtiss, 3 Cranch 267 (1806), we have read the statutory formulation 'between ... citizens of different States' to require complete diversity between all plaintiffs and all defendants."). Mathews's notice of removal is deficient on both fronts. First, it plainly states that the "Plaintiffs are citizens of Alabama and defendants are citizens of Alabama and Florida." Notice of Removal (Doc. No. 2) at 2. Although there would be a difference in state citizenship between the Florida defendant and the Alabama plaintiff, 28 U.S.C. § 1332(a)(1) requires "complete diversity," that is, no plaintiff may be from the same state as any defendant see Stillwell v. Allstate Ins. Co., 663 F.3d 1329, 1332 (11th Cir. 2011); therefore the presence of an Alabama

2

plaintiff in a case with an Alabama defendant destroys diversity-of-citizenship jurisdiction. Second, as Mathews freely admits, she is a citizen of Alabama. By statute, a civil action may not be removed on diversity-of-citizenship grounds "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). This action was originally brought in an Alabama court and therefore a citizen of Alabama, like Mathews, cannot remove it to federal court on diversity-of-citizenship grounds.

Finally, the court wants to make Mathews, who is proceeding pro se, aware that the removal statute is not to be used as a tactic to avoid state-court obligations. The court strongly suggests that she consult with an attorney before filing another notice of removal in this case. Any subsequent, frivolous removal will likely be met with sanctions.

***

3

Accordingly, it is the ORDER, JUDGMENT, and DECREE of the court that plaintiff Donald H. Allen Development, Inc.'s motion to remand (doc. no. 1) is granted and that, pursuant to 28 U.S.C. § 1447(c), this cause is remanded to the Circuit Court of Lee County, Alabama for want of subject-matter jurisdiction.

The clerk of this court is DIRECTED to take appropriate steps to effect the remand.

The clerk of this court is also DIRECTED to fax or email a copy of this order to the appropriate Lee County Circuit Clerk and to the State Judge who is handling the state-court proceedings.

This case is closed.

DONE, this the 23rd day of March, 2012.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE